**Arusyak TSATURYAN, Petitioner,**

**v.**

**John ASHCROFT, Attorney General, Respondent.**

**No. 02–73822.**

**Agency No. A75–690–203.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 2004.*

Decided Feb. 18, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Asbet A. Issakhanian, Glendale, CA, for Petitioner.

Regional Counsel, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Papu Sandhu, M. Jocelyn Wright, Anthony P. Nicastro, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before REINHARDT, THOMPSON, and WARDLAW, Circuit Judges.

## MEMORANDUM**

Arusyak Tsaturyan, a native of Iran and citizen of Armenia, petitions for review of the decision of the Board of Immigration Appeals ("BIA") denying her application for asylum, withholding of deportation, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punish-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

ment ("CAT") on the basis of a finding of adverse credibility. Because substantial evidence does not support the BIA's adverse credibility determination, we grant the petition, reverse the BIA's decision and remand for further proceedings.

## I

Where the BIA fails to provide a "legitimate, articulable basis to question a petitioner's credibility," "substantial evidence" does not support the BIA's adverse finding, and a reviewing court may reverse the determination. *Shah v. INS*, 220 F.3d 1062, 1069 (9th Cir.2000). The reasons stated by the BIA must not only be "specific" and "cogent," but also "individualized," identifying particular "examples of evasiveness or contradiction in the petitioner's testimony." *Id.* As the only specific, individualized basis for its adverse credibility finding, the BIA cited a variance between Tsaturyan's testimony at the hearing and a purported government document that she submitted to substantiate her claim. The variance related to the specific location of the June 4, 1999 incident of "persecution." In the context of Tsaturyan's otherwise specific, detailed, and consistent written and oral testimony regarding the material aspects of her "persecution," we hold that the BIA's basis for finding adverse credibility fails to "raise substantial reasons or serious enough doubts for an adverse credibility determination." *Akinmade v. INS*, 196 F.3d 951, 957 (9th Cir.1999).

The purported government document Tsaturyan submitted with her application corroborates, in significant respects, her written and oral testimony.[1] The only in-

1. The document was purportedly issued by the Ashtarak Department of Internal Affairs (Tsaturyan alleged in her written application that she was detained by that Department); it lists the date of the incident as June 4, 1999;

consistency relates to the location of the June 4, 1999 meeting-whether it took place at Tsaturyan's own house or at a different residence. With respect to this discrepancy, the BIA failed to explain, as it must, how the particular variance could be "viewed as [an] attempt[ ] by the asylum applicant to enhance a claim of persecution." *Shah,* 220 F.3d at 1068 ("[N]either the IJ nor the BIA explained why Mrs. Shah would lie about the date on which Mr. Shah was killed. We cannot affirm the credibility determination on this basis."); *see also Vilorio–Lopez v. INS,* 852 F.2d 1137, 1142 (9th Cir.1988) (reasoning that, where inconsistencies reveal "nothing about an asylum applicant's fear for his safety," they were not an adequate basis for a finding of adverse credibility).

If the concern is that Tsaturyan forged the official report to "enhance" her claim, one could reasonably expect that she would have tailored its contents to comport with her written and oral testimony regarding the location of the June 4 incident. One might even expect that she would have included in the report the names of all three of the fellow Jehovah's Witness members who submitted an affidavit on her behalf, rather than just two, and that she would have sought to "enhance" her claim of persecution through the report, which, instead, is sparse in detail regarding the incident. In any event, the BIA did not question the authenticity of the document.

In sum, the Board failed to "carefully consider every plausible and reasonable explanation for inconsistencies it might otherwise believe cast doubt on [the] victim's claim," as it must before finding adverse credibility. *See Chen v. INS,* 266 F.3d 1094, 1100 (9th Cir.2001), *vacated on other grounds by INS v. Chen,* 537 U.S. 1016, 123 S.Ct. 549, 154 L.Ed.2d 423 (2002); *see also Shah,* 220 F.3d at 1068 (speculating about the numerous plausible reasons to account for the fact that the stamp on the death certificate pre-dates that listed as petitioner's husband's death). Here, the IJ did not question Tsaturyan about the discrepancy at the hearing; had he so inquired, we might have gained valuable information about "plausible" explanations from the manner of her response as well as from the substance of her answer. *Cf. Shah,* 220 F.3d at 1068 (Where petitioner, who was specifically asked to explain the discrepancy between two dates on a death certificate, responded that she didn't know and was not clearly evasive, the Court declined to uphold adverse credibility determination that rested on this basis "without 'specific direction' to any evasiveness in the record."). Under these circumstances, the variance does not, standing alone, constitute substantial evidence supporting an adverse credibility determination. *Akinmade,* 196 F.3d at 957.

## II

Nor do the other bases offered by the BIA to support its determination lend any assistance.

First, the BIA noted that Tsaturyan's testimony "overall lacked the specificity and detail necessary to support her claim." Where the IJ did not pose a single question that Tsaturyan did not readily answer to the IJ's satisfaction, we hold that the BIA's "concern for more specific information does not constitute a valid

___

it states that Tsaturyan was apprehended by militiamen during a meeting of Jehovah's Witnesses that included two members whose names appear on the separate affidavit purportedly submitted by these members on her behalf; it states that Tsaturyan was detained on the day of her apprehension for six hours; and it notes that Tsaturyan was warned that she would be punished if she continued to participate in such meetings.

ground for denying [Tsaturyan's] claim, especially when [she] was not given notice that [she] should provide such information, nor asked at the hearing to do so, either by the IJ or by counsel for the INS. [Tsaturyan's] account is sufficiently descriptive of the pertinent events." *Akinmade,* 196 F.3d at 957.

■ Second, the BIA cited a lack of "sufficient, reliable documentation." It is well established that "[a]n applicant's testimony alone may be sufficient to meet the burden of proving past persecution if such testimony is candid, credible, and sincere," *Chen,* 266 F.3d at 1099, and "the fact that an applicant's evidence 'is not as complete as might be desired cannot, without more, properly serve as a basis for a finding of a lack of credibility.'" *Shah,* 220 F.3d at 1070 (quoting *Akinmade,* 196 F.3d at 956). Moreover, an adverse credibility determination cannot rest on the fact that assertions that a petitioner faced persecution conflict with the "blanket statement" of a country report. Rather, if the BIA deems an individual not to be credible, it must do so on an individualized basis and offer a specific, cogent reason for its disbelief. *See Shah,* 220 F.3d at 1069. Because the record reveals that Tsaturyan's testimony was, overall, consistent and detailed, her failure to submit additional corroborative evidence cannot form a basis for the BIA's adverse credibility determination.

### III

For the foregoing reasons, we reverse the adverse credibility determination of the BIA, vacate its decision, and remand so that the BIA may determine whether, in light of our holding that her testimony was credible, Tsaturyan has met the requisite criteria for asylum, withholding of re-

---

* This panel unanimously finds this case suitable for decision without oral argument. See

moval and relief under CAT. *See INS v. Ventura,* 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002).

PETITION GRANTED; REVERSED and REMANDED.